United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ST. MICHAEL DOC BALZARINI,

         Plaintiff,

    v.

DR. W. ULIT, et. al.,

         Defendants.
_____/

No. C 13-1486 PJH (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

      Plaintiff, a state prisoner has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint.

**DISCUSSION**

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

1    omitted).  Although in order to state a claim a complaint "does not need detailed factual

2    allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3    requires more than labels and conclusions, and a formulaic recitation of the elements of a

4    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5    above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6    (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7    plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained

8    the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9    framework of a complaint, they must be supported by factual allegations.  When there are

10   well-pleaded factual allegations, a court should assume their veracity and then determine

11   whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct.

12   1937, 1950 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14   elements:  (1) that a right secured by the Constitution or laws of the United States was

15   violated, and (2) that the alleged deprivation was committed by a person acting under the

16   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17   **B.     Legal Claims**

18          Plaintiff raises claims that defendants were deliberately indifferent to his serious

19   medical needs by not properly treating his Hepatitis C in 2009 - 2011.[1]  Yet, plaintiff has

20   again failed to properly identify the treatment that was not provided.  Plaintiff discusses

21   recommendations from various medical appointments that were apparently not followed

22   and argues this demonstrates deliberate indifference.  Plaintiff was evaluated by a doctor

23   on July 28, 2009, given a bone marrow biopsy and completed a dietary consult for

24   treatments.  He was evaluated again on November 13, 2009, and given medications and

25   accommodations.  Plaintiff, then states at this time he is not receiving anything.  Plaintiff

26   was provided the medications for Pegasys and Ribavarin in 2011 but they were

27   ─────────────────

28          [1] Plaintiff is now at Corcoran State Prison and has been informed that issues with medical care at that facility must be filed in the Eastern District of California.

*United States District Court*
For the Northern District of California

1   discontinued due to decreased white blood cell counts.  It was recommended that plaintiff

2   start another medication but it seems it did not occur.  Plaintiff also states he was supposed

3   to get a pain shot for his arm and back but it was cancelled due to an emergency lockdown

4   at the prison and then he was transferred to Corcoran before he could receive the shot.

5          Plaintiff's allegations are still vague and it is not clear what specific treatment was

6   denied and how it was deliberately indifferent to his serious medical needs.  Simply stating

7   that treatment was not provided for his Hepatitis and then not describing the treatment and

8   why it was required, fails to a state a claim.  While denial of vital medications could state a

9   claim, plaintiff has failed to describe the medications, why it was required and how failure to

10  provide it was deliberately indifferent to his serious medical needs.  Simply that he has a

11  serious disease and was denied some type of medication or a pain shot does not state an

12  Eighth Amendment claim without sufficient support.  As this amended complaint was an

13  improvement from the prior filing, it will be dismissed and plaintiff will be provided one final

14  opportunity to present his claims in sufficient detail in a second amended complaint.  No

15  further amendments will be allowed.

16         Deliberate indifference to serious medical needs violates the Eighth Amendment's

17  proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104

18  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

19  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

20  A determination of "deliberate indifference" involves an examination of two elements: the

21  seriousness of the prisoner's medical need and the nature of the defendant's response to

22  that need.  *Id.* at 1059.

23         A "serious" medical need exists if the failure to treat a prisoner's condition could

24  result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The

25  existence of an injury that a reasonable doctor or patient would find important and worthy of

26  comment or treatment; the presence of a medical condition that significantly affects an

27  individual's daily activities; or the existence of chronic and substantial pain are examples of

28  indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

United States District Court

For the Northern District of California

3

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

### CONCLUSION

1.  The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The second amended complaint must be filed no later than **October 9, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 5, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Balzarini1486.dwlta2.wpd