United States District Court

For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5                          OAKLAND DIVISION
6
7  ST. MICHAEL DOC BALZARINI,
8              Plaintiff,                    No. C 13-1486 PJH (PR)
9        v.                                  **ORDER DISMISSING WITH**
                                             **LEAVE TO AMEND**
10 DR. W. ULIT, et. al.,
11             Defendants.
   _____/
12
13        Plaintiff, a state prisoner has filed a pro se civil rights complaint under 42 U.S.C. §
14 1983.  Plaintiff's original complaint was dismissed with leave to amend and he has filed an
15 amended complaint.
16                              **DISCUSSION**
17 **A.    Standard of Review**
18        Federal courts must engage in a preliminary screening of cases in which prisoners
19 seek redress from a governmental entity or officer or employee of a governmental entity.
20 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
21 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
22 be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
23 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
24 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
26 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
27 the statement need only '"give the defendant fair notice of what the . . . . claim is and the
28 grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1  omitted).  Although in order to state a claim a complaint "does not need detailed factual

2  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3  requires more than labels and conclusions, and a formulaic recitation of the elements of a

4  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5  above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7  plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained

8  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9  framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct.

12  1937, 1950 (2009).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18      Plaintiff raises claims that defendants were deliberately indifferent to his serious

19  medical needs by not properly treating his Hepatitis C in 2009 - 2011.[1]  Yet, plaintiff has

20  again failed to properly identify the treatment that was not provided.  Plaintiff discusses

21  recommendations from various medical appointments that were apparently not followed

22  and argues this demonstrates deliberate indifference.  Plaintiff was evaluated by a doctor

23  on July 28, 2009, given a bone marrow biopsy and completed a dietary consult for

24  treatments.  He was evaluated again on November 13, 2009, and given medications and

25  accommodations.  Plaintiff, then states at this time he is not receiving anything.  Plaintiff

26  was provided the medications for Pegasys and Ribavarin in 2011 but they were

27  _____

28      [1] Plaintiff is now at Corcoran State Prison and has been informed that issues with
   medical care at that facility must be filed in the Eastern District of California.

discontinued due to decreased white blood cell counts.  It was recommended that plaintiff start another medication but it seems it did not occur.  Plaintiff also states he was supposed to get a pain shot for his arm and back but it was cancelled due to an emergency lockdown at the prison and then he was transferred to Corcoran before he could receive the shot.

Plaintiff's allegations are still vague and it is not clear what specific treatment was denied and how it was deliberately indifferent to his serious medical needs.  Simply stating that treatment was not provided for his Hepatitis and then not describing the treatment and why it was required, fails to a state a claim.  While denial of vital medications could state a claim, plaintiff has failed to describe the medications, why it was required and how failure to provide it was deliberately indifferent to his serious medical needs.  Simply that he has a serious disease and was denied some type of medication or a pain shot does not state an Eighth Amendment claim without sufficient support.  As this amended complaint was an improvement from the prior filing, it will be dismissed and plaintiff will be provided one final opportunity to present his claims in sufficient detail in a second amended complaint.  No further amendments will be allowed.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

United States District Court

For the Northern District of California

1    A prison official is deliberately indifferent if he or she knows that a prisoner faces a

2   substantial risk of serious harm and disregards that risk by failing to take reasonable steps

3   to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

4   "be aware of facts from which the inference could be drawn that a substantial risk of serious

5   harm exists," but he "must also draw the inference." *Id.*  If a prison official should have

6   been aware of the risk, but was not, then the official has not violated the Eighth

7   Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175,

8   1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

9   medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

10   *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**CONCLUSION**

12   1.  The amended complaint is **DISMISSED** with leave to amend in accordance with

13   the standards set forth above.  The second amended complaint must be filed no later than

14   **October 9, 2013**, and must include the caption and civil case number used in this order

15   and the words AMENDED COMPLAINT on the first page.  Because an amended complaint

16   completely replaces the original complaint, plaintiff must include in it all the claims he

17   wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may

18   not incorporate material from the original complaint by reference.  Failure to amend within

19   the designated time will result in the dismissal of these claims.

20   2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

21   court informed of any change of address by filing a separate paper with the clerk headed

22   "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

23   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

24   Federal Rule of Civil Procedure 41(b).

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
**IT IS SO ORDERED.**
2

3   Dated: September 5, 2013.
                                                      _____
4                                                     PHYLLIS J. HAMILTON
                                                      United States District Judge
5   G:\PRO-SE\PJH\CR.13\Balzarini1486.dwlta2.wpd
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28